**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | | |
|---|---|---|---|
| **FREDEAL TRUIDALLE,  #K79979** | | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| **v.** | | ) | **No.: 15-cv-1083-JBM** |
| | | ) | |
| **SALVADOR GODINEZ, et al.,** | | ) | |
| | | ) | |
| | **Defendants.** | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, pursues a § 1983 action against Director Godinez, Warden Pfister, Chaplain Keim and Chaplain Kennell for restraint on the free exercise of his religion in violation of his First Amendment rights. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

Plaintiff alleges that he is a Rastafarian and has been denied a kosher diet by Chaplains Kennell and Keim because he is not Jewish. When one reads the complaint and attachments submitted by Plaintiff, however, this does not appear to be the case. Plaintiff points out that the Dead Sea Scrolls identify the Rastafarian diet which he is to follow. This provides that members of his faith are to abstain from animal flesh and blood and are to have their food blessed or prayed upon before cooking. He admits he has been provided a vegan diet and that Defendants have told him that this is the appropriate diet for Rastafarian-Jewish practitioners. Plaintiff

1

attaches to his complaint Chaplain Keim's letter of 1/26/15 in which the Chaplain notes, "In good faith I cannot guarantee that there is no amount of fat or blood in a meat product in the [kosher] diet you have requested. A VEGAN diet is consistent with your religious affiliation and stated beliefs." [ECF 1 p. 12]. Plaintiff appears to claim both that he wants a kosher diet and he wants a diet free of blood and fat, which can't be guaranteed with a kosher diet. Plaintiff also claims, vaguely, that this food is not "prepared in the custom" and blessed by a priest before Yahweh.

Plaintiff requests injunctive relief and a temporary restraining order so that he might receive a kosher diet. He does not, however, address the issue that this diet will not follow the religious observances he has identified. Does he want a kosher diet regardless of the potential for tainting by blood or fat? Is he asking for a kosher diet "guaranteed" to be without blood or fat? Is he asking that his food be blessed by a priest of his own sect? Is he claiming that a vegan diet is not an acceptable "diet" for a Rastafarian who is to abstain from animal flesh and blood? Plaintiff's claimed injury and requested remedy are sufficiently unclear that they should be denied with leave to replead.

Plaintiff also objects that his religion comes under the designation of "other" on the prison Change of Religion Form. Plaintiff claims that this is a constitutional violation as his religion is Rastafarian, not "other". He also alleges that Chaplain Kennell changed the religion identified on his prison I.D. He does not indicate the religion which was originally listed or the religion to which it was allegedly changed.

Plaintiff fails to states a First Amendment claim regarding his receiving a vegan, rather than kosher tray. He also fails to state a First Amendment claim regarding his religion being designated as "other" on the Change of Religion Form. Plaintiff does not claim that this burdens

the actual practice of his religion and the Court sees no set of circumstances, under these facts, where he could successfully so do. As a result, this claim is DISMISSED. Plaintiff's claim that Chaplain Kennell changed the religion designated on his identification card also fails to state a claim as he does not allege that this resulted in a burden on his free exercise of his religion. As Plaintiff might, however, be able to successfully plead such a claim, he will be given leave to replead this allegation.

Plaintiff does not allege that Director Godinez or Warden Pfister personally participated in the alleged deprivation. Plaintiff complains that he filed an emergency grievance with Warden Pfister who found that the grievance was not an emergency. This, however, is not enough to implicate Warden Pfister in this deprivation, (prison administrators cannot be liable under § 1983 simply because they participated in addressing inmate grievances). *Burks v. Raemisch*, 555 F.3d 592, 595–96 (7th Cir. 2009). Further, Director Godinez and Warden Pfister cannot be held liable merely for their supervisory roles of others. Section 1983 does not allow actions against individuals just for their supervisory role of others, and so individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(internal quotations and citations omitted). Defendants Godinez and Pfister are DISMISSED.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order in which to file an amended complaint as to his allegations that his religious diet is not being accommodated and that Chaplain Kennell wrongly changed his religion on his identification

card.  Plaintiff's claim as to the form which designates his religion under "other" is DISMISSED, without leave to replead.

2)      Plaintiff's amended complaint will be directed against Defendants Keim and Kennell only as Defendants Godinez and Pfister are DISMISSED.

3)      Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants.  Piecemeal amendments are not accepted.

4)      Plaintiff's Motions for Temporary Restraining Orders [5] and [8], requesting that he  be given a kosher diet are DENIED as it appears that he is being given the diet which comports with the dietary observances he, himself, has identified.


04/28/2015                                        s/ Joe Billy McDade
ENTERED                                    JOE BILLY McDADE
                                           UNITED STATES DISTRICT JUDGE